NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3313
_____

DENINE R. HOOD,
                                        Appellant

v.

CITIZENS BANK OF PENNSYLVANIA,
a subsidiary or division of CITIZENS FINANCIAL GROUP INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-14-cv-00867)
District Judge: Honorable David S. Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 23, 2017

Before: HARDIMAN, ROTH, and FISHER, *Circuit Judges*.

(Filed: June 9, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Denine Hood appeals the District Court's summary judgment in favor of Citizens Bank on her discrimination claims. We will affirm.

I

Hood is an African-American woman who was a Branch Manager for Citizens. Hood was fired after Citizens determined that she had permitted a customer to open an account by submitting an expired driver's license. After initially claiming she may have "misread" the license, Hood later admitted that she typed a false license expiration date into the Bank's computer program to open the account, and informed the customer he would have to return later with a valid ID or have the account closed. Hood also admitted that she opened an account for another customer who was not physically present. Both incidents violated Bank policies.

Following her termination, Hood sued Citizens claiming age, gender, and race discrimination under state and federal law. Citizens moved for summary judgment and the Magistrate Judge recommended that the motion be granted because Hood had not provided evidence from which a reasonable factfinder could conclude that the employer's legitimate reasons for terminating Hood—violations of Bank policy—were pretextual. Relevant to this appeal, the Magistrate Judge emphasized that while Hood "argu[es] that the record evidence shows that [Citizens] treated other employees [who violated bank policy] outside of [Hood]'s protected classes more favorably, . . . none of the employees to which [Hood] points as a comparator were similarly situated." App. 780. The District

2

Court adopted the Magistrate Judge's report and recommendation as its opinion in full. This timely appeal followed.

## II[1]

We review summary judgments de novo, "apply[ing] the same standard as the District Court." *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007). Summary judgment is appropriate if, "after adequate time for discovery," a party has not made "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (quoting *Celotext Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[W]e view all evidence and consider all reasonable inferences in [the] light most favorable to the non-moving party." *Matreale v. N.J. Dep't of Military & Veterans Affairs*, 487 F.3d 150, 152 (3d Cir. 2007).

## III

The gravamen of Hood's appeal is that the District Court erred when it granted Citizens summary judgment on her claims of race discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. § 955. As the District Court concluded, because Citizens offered a legitimate reason for terminating Hood, this argument requires Hood to cite "some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction under 28 U.S.C. § 1291.

discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

Hood raises two principal assignments of error on appeal. She claims the District Court erred by: (1) not crediting her evidence that a white Branch Manager named G.P. received almost no discipline for a similar infraction; and (2) failing to find that the actions Hood took which led to her firing were taken within her discretion as a manager. We address each argument in turn.

## A

In her opening brief, Hood tries mightily to make G.P. a valid comparator, referencing her no fewer than 73 times. G.P. was a white Branch Manager who was the subject of an investigation after she made three deposits in her personal bank account that raised a suspicion that she was "structuring" her transaction to avoid having to complete a Currency Transaction Report. In response to the investigation, G.P. claimed that she was depositing cash as she discovered it around her home, not intentionally dividing up a single transaction. G.P.'s supervisor advised her to file Currency Transaction Reports "in the future to avoid the appearance of attempted structuring," but took no other disciplinary action. App. 397.

We agree with the District Court that G.P. was not a valid comparator for Hood. For starters, the record is devoid of evidence that Citizens believed G.P. was guilty of structuring. Although Hood finds G.P.'s story "laughable," Reply Br. 4, the Bank was not required to find that G.P. had violated company policy, particularly in the face of a denial

4

and in the absence of conclusive evidence that she had violated company policy. Hood speculates further that Citizens would not have given G.P. a warning if it believed her explanation, but it is certainly plausible that the Bank would caution G.P. going forward, even if it had been unable to prove misconduct. In sum, because the record supported violations of Bank policy as to Hood and no violations as to G.P., the District Court did not err when it found G.P. to not be a valid comparator.

B

Hood also contends that the District Court failed to credit "evidence that her conduct did not constitute a violation of bank policies, or was not a terminable violation." Hood Br. 35. On the first point, Hood does not dispute that Citizens requires that customers "provide an unexpired government-issued photo" identification when opening an account. Hood Br. 28. The fact that Citizens has other identification policies that are less specific as to the identification required does not mean that the policies are "inconsistent," as Hood claims. *Id.* At most, it means she did not violate those more general policies.

Finally, Hood further argues that the Bank's deviation from a "progressive discipline system" to immediately terminate her employment following two infractions is evidence of discriminatory intent. Hood Br. 36. However, the "Performance Management Improvement Process" Hood suggests should have been followed explicitly states that "immediate termination" is an option for "serious misconduct." App. 193. Hood argues that a reasonable jury could find no such "zero tolerance" policy for serious misconduct

5

existed in practice, as other employees have not been immediately fired for assorted violations Hood considers to be of comparable or greater seriousness. Hood Br. 38. But so long as those employees were not "similarly situated" to Hood, *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 645 (3d Cir. 1998)—and we agree with the District Court that they were not—the discipline they received is not probative of pretext as to Hood.

\*   \*   \*

For the reasons stated, we will affirm the judgment of the District Court.

6